Bergan, J.
(dissenting). Defendant on November 2,1970 properly took an appeal from the judgment of the Court of Special Sessions of the Town of Bush to the Monroe County Court. Since defendant showed he was indigent, the County Court, on December 18, 1970, then having acquired jurisdiction of the appeal, assigned the Monroe County Public Defender to prosecute it.
The statute, section 756 of the former Code of Criminal Procedure, then [1970] in effect, imposed a mandatory duty on the Justice of Special Sessions to file a return within 10 days of the taking of appeal (November 12, 1970). The Justice neglected this duty and never filed a return.
The Public Defender failed to make an early request to the County Court to compel a return which he might have done under section 757 of the Criminal Code. That section gave the County Court direct authority to compel the Special Sessions Justice to make a return. The court could have acted on its own initiative. On March 23,1972, a return still having not been filed, the County Court dismissed the appeal “ for loches and failure to file a return ”.
The importance of a return to a proper determination of the appeal Was at this time minimal or nonexistent. The Public Defender offered .a transcript of the Special Sessions proceedings to the appellate court as a basis to consider the appeal and this was rejected. Normally the transcript Would be more complete than the informal return of the Justice.
Thus an indigent defendant has been deprived of consideration of his appeal, first because of a direct failure of a public officer, the Special Sessions Justice, to perform his duty; and second by the failure of another public official, the Public Defender, to institute a simple remedy.
In fairness to the Public Defender, however, it must be said that he made “ several written and oral requests for a return ” to the Justice and his clerk, and was told they “ did not know what a return was ”. The motion by such counsel to the County Court before the appeal was dismissed was either to waive the return, in view of the filing of a transcript, or to compel a return *823 to be made. All such relief was denied by the County Court in dismissing the appeal. The ground for this dismissal is thus directly attributable to the failure of the Public Defender to apply for relief earlier.
To deprive a man of the right to appeal on any such ground as this amounts to a lack of due process. In People v. Pride (3 N Y 2d ,545) the appellate court had dismissed an appeal because the indigent appellant could not pay the fee for a return by the City Court. The order dismissing the appeal was reversed here.
Writing for a unanimous court, Judge Burke noted:‘ ‘ Defendant in the case at bar was deprived a right to appeal solely because of a financial inability to procure or prepare the necessary papers. This is repugnant both to our own public policy and to the judicially declared constitutional requirements ” (p. 550). The neglect of a public agency in representing an indigent appellant here is not distinguishable from the effect of indigency in Pride.
In People v. De Renzzio (14 N Y 2d 732) the court directed a hearing on the effect of a failure of court-assigned counsel to prosecute an appeal of an indigent defendant which resulted in dismissal. There is here, however, no dispute about the cause for dismissal. Although the Public Defender told the court the press of work delayed his processing the appeal, the dismissal is clearly due to his failure to act.
The present case is sharply distinguishable from People v. Evans (26 N Y 2d 681) on which the County Court relied. There the appellant’s counsel merely failed to get his brief ready and to argue within the prescribed time and the court refused to grant a continuance. Here there was a denial of due process resulting from failure of public officers to perform duties.
The order should be reversed and the appeal reinstated.
Judges Burke, Scileppi, Breitel and Gibson concur in memorandum; Judge Bergan dissents and votes to reverse and to reinstate the appeal to the County Court in a separate opinion in which Chief Judge Fuld and Judge Jasen concur.
Order affirméd.